394 August 14, 2024 No. 569

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. S. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. P. G.,
*Appellant.*

Jackson County Circuit Court
22JU05293; A183006 (Control)

In the Matter of B. K. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. P. G.,
*Appellant.*

Jackson County Circuit Court
22JU05295; A183007

Timothy C. Gerking, Judge.

Submitted May 13, 2024.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this juvenile dependency case, father appeals from a judgment in which the juvenile court took jurisdiction over his two children. We conclude that sufficient evidence supports the court's exercise of jurisdiction and affirm.

We do not exercise *de novo* review in this case as father does not request it, and this is not an exceptional case warranting such review. ORAP 5.40(8)(c). Thus, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

"To establish a basis for juvenile court jurisdiction for purposes of ORS 419B.100(1)(c), the [Department of Human Services (DHS)] must prove, by a preponderance of the evidence, ORS 419B.310(3), that a child's welfare is endangered because, under the totality of the circumstances, there is a current threat of serious loss or injury to the child that is reasonably likely to be realized." *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 19, 383 P3d 931 (2016) (internal quotation marks omitted).

A detailed recitation of the facts would not benefit the bench, the bar, or the public. After a jurisdictional hearing that concluded in early November 2023, the juvenile court entered a judgment reflecting its findings that DHS proved the following jurisdictional bases about father: (1) father "has failed to maintain a parenting relationship with the child[ren] which interferes with his ability to safely parent the child[ren]"; (2) "father has another child for whom he is not a parental resource and the conditions or circumstances that were the basis for the father not having custody of that child, which include substance abuse, have not changed or been ameliorated and interfere with his ability to safely parent [these children]"; (3) "father's substance abuse interferes with his ability to safely parent the child[ren]"; and (4) "father's parental rights have previously been terminated to a child in Calcasieu Parish, Louisiana and the

conditions and circumstances giving rise to the prior termination, which include substance abuse, have not changed or been ameliorated."

On appeal from the jurisdictional judgment, father argues that there was legally insufficient evidence for the juvenile court to find a current, nonspeculative risk of serious loss or injury to the children. Specifically, father asserts that there was no evidence that he continued to abuse controlled substances at the time of the hearing, that his past failures to maintain a relationship with the children or to remove them from mother's care did not constitute a current threat of harm to the children, and that, even if father's conduct posed a threat of harm to the children, the evidence did not describe that harm with adequate specificity to establish jurisdiction.

We reject father's arguments. We first conclude that there was legally sufficient evidence from which the juvenile court could draw a nonspeculative inference that father continued to use controlled substances at the time of the jurisdictional hearing and that his substance abuse interferes with his ability to safely parent the children. The court found that father's testimony was not credible in several respects, including as to his drug use or time of sobriety, and father admitted that he has not completed treatment or drug screens. In addition, father lost custody to his two other children in Louisiana, the first in 2020 and the second in 2022, due in part to his substance abuse and failure to address it. Further, father's parental rights were terminated with respect to the second child in September 2023 on grounds that included substance abuse.

We also conclude that there is legally sufficient evidence from which the court could find that father's failure to maintain a parenting relationship with the children interferes with his ability to safely parent them. As the court explained, father has not functioned in a parental role with the children, has not seen them in at least two years, has not kept in contact with DHS or engaged in services in the ten months since the children's removal from mother's care, and made no effort to bring the children into his own care. Also, despite his expressing concerns about the children

being in mother's care, he made no efforts to try and protect them from mother before DHS's involvement and his conduct since DHS's involvement has not changed.

We conclude that the evidence is legally sufficient to support the court's finding that, under the totality of the circumstances, father's conduct or condition creates a current, nonspeculative risk of serious loss or injury to the children that is reasonably likely to be realized. As sufficiently explained in the record, father's substance abuse prevents him from prioritizing the children's needs or creating a safe home setting for the children and his failure to maintain a relationship with the children prevents him from being able to protect them from unsafe circumstances or people.

Affirmed.